FREEMAN FISK, *pet'r for partition, versus* JACOB H. KEENE *& al.*

In a proceeding by petition for partition of real estate, against persons named as co-tenants in the petition, where they contest the petitioner's claim, they will be liable to costs, if the petitioner prevail, to the time of the interlocutory judgment; but not afterwards, if they cease adversary proceedings.

EXCEPTIONS from the ruling at *Nisi Prius* of MAY, J., allowing costs for petitioner, in a proceeding for partition of real estate, after judgment for partition had been entered.

At October term, 1852, the respondents filed their plea of sole seizin. The case was withdrawn from the jury and submitted to the full Court, upon report of the presiding Judge. Judgment for partition, as prayed for, was ordered by the Court in December, 1853.

The respondents' attorney thereupon abstained from all adversary proceedings, but his name was continued upon the docket. On motion of the petitioner, commissioners to make partition were appointed, whose report was made at the October term, 1855. To equalize the partition, the commissioners awarded the payment, by the petitioner to the respondents, of $150; which sum was paid at January term, 1856, when, for the first time, the petitioner moved the acceptance of the report.

The presiding Judge allowed costs for petitioner up to the time of final judgment, including the commissioners' fees; to which ruling the respondents except.

*Ruggles* argued in support of the exceptions.

*Bulfinch, contra.*

The opinion of the Court was delivered by

RICE, J.—This is a question of costs, merely. The respondents appeared in Court and answered to the petition, pleading sole seizin of the premises sought to be parted. This question was settled by the full Court, on a report of the evidence, against the respondents; that is, it was deter-

mined that the respondents were not sole seized, but that the petitioner was entitled to partition. After the adjudication of the Court was duly promulgated, the case finds that the respondents no longer resisted the petitioner, but he proceeded and had commissioners appointed, who submitted their report, and, at such time as he chose to move, that report was accepted by the Court.

These facts bring the case within the rule of *Ham* v. *Ham,* 43 Maine, 285. By that rule, he is entitled to his costs until the interlocutory judgment for partition was entered, but not afterwards. To this extent the judgment of the Court below must be corrected.

TENNEY, C. J., and APPLETON, CUTTING, MAY, and GOODENOW, J. J., concurred.